# United States District Court
## for the
### Western District of New York

| | |
|---|---|
| United States of America <br><br> v. <br><br> ANGIE L. JENKINS <br><br> *Defendant* | ) <br> ) <br> ) Case No. 10-M- 2135 <br> ) <br> ) <br> ) <br> ) |

*FILED AUG 27 2010 MICHAEL J. ROEMER, CLERK WESTERN DISTRICT OF NY*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

From in or about May of 2010, to on or about June 11, 2010, in the Western District of New York, and elsewhere, the defendant, ANGIE L. JENKINS, did, using any facility and means of interstate and foreign commerce, knowingly persuade, induce, and entice, and attempt to persuade, induce, and entice, an individual who had not attained the age of 18 years, to engage in any sexual activity for which any person can be charged with a criminal offense.

All in violation of Title 18, United States Code, Sections 2422(b).

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

X _____
*Complainant's signature*

DANIEL M. BRADLEY, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 08/27/2010

_____
*Judge's signature*

City and State: Buffalo, New York

HONORABLE HUGH B. SCOTT, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

STATE OF NEW YORK )
COUNTY OF ERIE    ) SS:
CITY OF BUFFALO   )

I, Dan Bradley, being duly sworn, deposes and states:

1. I am a Special Agent (SA) of the Federal Bureau of Investigation (FBI) and have been so employed since March of 2006. I am currently assigned to the Buffalo Field Office Innocent Images National Initiative which targets individuals involved in the on-line sexual exploitation of children. As part of these duties, I have become involved in the investigation of suspected violations of Title 18, United States Code, Sections 2422(b).

2. I make this affidavit in support of a criminal complaint charging ANGIE L. JENKINS with violating Title 18, United States Code, Sections 2422(b).

3. The statements contained in this affidavit are based on my involvement in this investigation, as well as information provided to me by other law enforcement officers involved in this investigation, and upon my training and experience as a Special Agent of the FBI. Because this affidavit is being submitted for

the limited purpose in seeking a criminal complaint, I have not included each and every fact known to me concerning this investigation.

4. On August 20, 2010, the FBI Buffalo, New York Field Office received information from the parents of a minor male, with a date of birth of 03/XX/1994 (hereinafter "Victim 1"), who stated that Victim 1 has developed an online relationship with an adult female, and that adult female traveled from Michigan to the Buffalo, New York area to have sexual intercourse with Victim 1.

5. On August 20, 2010, I conducted an interview of the father of Victim 1. During this interview, the father stated that during April of 2010, he was reviewing the cellular telephone records for Victim 1, and noticed multiple calls from an out of state number, specifically 616 617 9977. The father confronted Victim 1 about these telephone calls and Victim 1 stated that the number was from a friend that he had met "online." The father further stated that in June of 2010, he and Victim 1's mother noticed that Victim 1 was using a Samsung Verizon cellular telephone, which they had never seen before. The father stated that they then confronted Victim 1 about this phone, who admitted that this phone was provided to him by an adult female he knew as "ANGIE" from Michigan. The father went on to state that he and

Victim 1's mother then used the Samsung Verizon telephone to contact ANGIE, and they told her that Victim 1 was a minor and to stop all contact with him or they would contact the authorities. During this conversation, ANGIE stated that she was 21 years old. The father additionally told me that during the months of July and August of 2010, he still felt that Victim 1 was in contact with ANGIE, so he reviewed the text messages stored on the Samsung Verizon telephone, and based upon this review, the father stated that it appeared that ANGIE had traveled to Williamsville, NY to meet Victim 1 at the TARGET store parking lot located at 8290 Transit Road, Williamsville, NY 14221. The father further stated that he and Victim 1's mother then learned from Victim 1 that Victim 1 had met ANGIE at a parked car at the TARGET store parking lot, and that the two engaged in sexual intercourse in a vehicle while it was parked in the parking lot.

6. During the interview with the father, I obtained consent to search numerous electronic items, including a desktop computer which belonged to Victim 1, two LG cellular telephone, a Samsung Verizon cellular telephone, and various e-mail account username and passwords belonging to Victim 1.

7. On August 20, 2010, I interviewed Victim 1, who stated that from approximately October of 2009 through August of 2010, he

had engaged in a relationship with an individual he knew as ANGIE JENKINS ("JENKINS"), who utilized the e-mail address ajenkins75@gmail.com. Victim 1 stated that he initially met JENKINS online through the game World of Warcraft, and that JENKINS screen name was "AIREALL." He said that they would communicate both verbally, using a headset, and through written messages throughout the duration of their relationship. Victim 1 also stated that he initially told JENKINS that he was 20 years old, and that JENKINS stated that she was 21 years old. During the interview, Victim 1 further stated that in approximately December of 2009, he and JENKINS started communicating via cellular telephone, and that JENKINS was utilizing telephone number 616-617-9977. During these telephone conversations in December of 2009, Victim 1 stated that he told JENKINS that he was really only 15 years old, and in response, JENKINS stated that it did not matter how old he was, but that she reiterated that she was 21 years old. During the spring of 2010, Victim 1 advised that telephonic conversations became sexual in nature, with JENKINS initiating the sexual conversation. Victim 1 was subsequently asked by JENKINS to send naked pictures of his genitalia to her cellular telephone. Victim 1 also reported that he received naked images of JENKINS to include images of her genitals via cellular telephone. In May of 2010, Victim 1 stated that JENKINS initiated a conversation about traveling to Williamsville, NY from her

residence located in the vicinity of Grand Rapids, MI, to meet with him. Victim 1 said that on June 11, 2010, he met with the individual he knew as ANGIE JENKINS in her vehicle which she told him she had rented in Michigan. Victim 1 stated that him and JENKINS initially just talked, and then she initiated sexual contact with him. Victim 1 mentioned that they then engaged in consensual sexual intercourse and did not use any protection. Following the sexual intercourse, Victim 1 stated that JENKINS gave him the Samsung Verizon telephone, with telephone number 616-617-9977, so that he could use this phone to communicate with her. Victim 1 advised that from that point on, JENKINS utilized a 716-949-7665 telephone number to contact him.

8. Pursuant to New York Penal Law § 130.25, "a person is guilty of rape in the third degree when ... [b]eing twenty-one years old or more, he or she engages in sexual intercourse with another person less than seventeen years old."

9. On August 20, 2010, I accessed a fee for service law enforcement database and conducted a search for telephone number 616-617-9977. I received a response which indicated that the telephone number was associated with an ANGIE JENKINS with address of 332 Carol, Cedar Springs, MI 49319. The same database also indicated that an ANGIE LYNN JENKINS, date of birth 08/XX/1975,

social security account number XXX-02-XXXX, was previously associated with the 332 Carol, Cedar Springs, MI 49319 address and was now listed as currently associated with 10882 Deerwood Drive SE, Lowell, MI 49331.

10. On August 23, 2010, I presented Victim 1 with an image of ANGIE LYNN JENKINS, which was derived from the Michigan State Police database and with the same identifiers listed above and reflecting an address of 10882 Deerwood Drive SE, Lowell, MI 49331. Victim 1 positively identified the image of JENKINS as the individual who he had met with on June 11, 2010.

11. On August 24, 2010, I re-interviewed Victim 1, who stated that during late May of 2010, when JENKINS stated that she was interested in traveling to meet Victim 1, that they also discussed how they would engage in sexual intercourse upon meeting. These conversations occurred over the telephone. Victim 1 further stated that JENKINS wanted to engage in sexual intercourse at a hotel, but that thought a hotel would be to far away from his residence in the event that his parents called him and told him to return home. During these conversations in late May of 2010, Victim 1 stated that it was then determined that they would meet at the TARGET parking lot located at 8290 Transit Road, Williamsville, NY. Victim 1 additionally advised that JENKINS stayed at a hotel in the

vicinity of Amherst, NY the night prior to meeting him on June 11, 2010, but that he was unaware of the name of the hotel. Finally, Victim 1 also stated that during the middle of June of 2010, and while communicating on World of Warcraft, JENKINS stated that she had "saved" the images that Victim 1 sent her of his genitalia on her iPhone and on her computer.

12. On August 25, 2010, I accessed the Samsung Verizon cellular telephone, the same phone that was provided to Victim 1 by JENKINS following the June 11, 2010 sexual encounter. After accessing the phone, I selected the Google Maps application and the following addresses were displayed as points on a map and connected by a highlighted line: the address of 10882 Deerwood Drive SE, Lowell, MI 49331; 125 Inn Keepers Lane, Amherst, NY 14228; and the 8500 block of Transit Road, Williamsville, NY. In addition, I observed on the telephone numerous text messages appearing to be between JENKINS and Victim 1.

13. On August 25, 2010, I interviewed an employee of EXTENDED STAY AMERICA, located at 125 Inn Keepers Lane, Amherst, NY 14228. The employee verified that an individual using the name ANGIE JENKINS was billed for a one night stay checking in on June 10, 2010 and departing on June 11, 2010. The employee further indicated that the above stated reservation was "booked" via the

website www.hotwire.com, which offers online booking of lodging accommodations.

14. On August 26, 2010, I issued an administrative subpoena to Blizzard Entertainment, the makers of World of Warcraft, for subscriber information pertaining to the screen name "AIREALL." On August 26, 2010, I was provided with the following information for the screen name AIREALL:

        Account Name:  PIXISTIX1975
        Address:  10882 Deerwood Drive, Lowell, MI
        E-mail:  janda03@msn.com
        Name:  ANGIE JENKINS
        Telephone:  616-617-9977

15. On August 26, 2010, SA Bradley issued an administrative subpoena to Verizon for subscriber information relating to the telephone number 716-949-7665, the number that JENKINS used to contact Victim 1 following the sexual encounter on June 11, 2010. On August 26, 2010, SA Bradley was provided with the following information for that phone numbers:

        Account Name:  ANGIE L. JENKINS
        Address:  10882 Deerwood Drive SE, Lowell, MI

16. Based on the forgoing, there is probable cause to believe that JENKINS and Victim 1 were in engaged in a relationship that spanned several months, and that communication occurred through the use of the internet on the World of Warcraft website, cellular

telephones capable of making interstate telephone calls, and through text messages via cellular telephones capable of transmitting text messages in interstate commerce. During the relationship, JENKINS used and persuaded Victim 1 to take images of his genitalia and send them to her via cellular telephone. This relationship culminated in JENKINS persuading, inducing, and enticing Victim 1 to engage in sexual activity that is a crime under New York State law.

17. Based upon the foregoing, I respectfully submit that there is probable cause to believe that ANGIE L. JENKINS has violated Title 18, United States Code, Sections 2422(b)

_____
Dan Bradley, Special Agent
Federal Bureau of Investigation

Sworn to and subscribed to before
me this 27th day of August 2010.

_____
HONORABLE HUGH B. SCOTT
United States Magistrate Judge